IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRANK HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:10-0799 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| WEBMEDX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant's "Motion to Dismiss Plaintiff's Complaint" (Docket No. 27) and "Defendant's Second Motion to Dismiss, or Alternatively to Compel and Extend Discovery" (Docket No. 31). Plaintiff, who is represented by counsel, has filed similar Responses to the Motions, which will be discussed in greater detail below. Docket Nos. 28, 32. Defendant's Motions essentially relate to the fact that Plaintiff has failed to comply with discovery requests, despite being previously ordered to do so.

Plaintiff filed this employment discrimination action on August 26, 2010. He has been represented by the same counsel throughout the proceedings in this case.

On February 2, 2011, Defendant filed a Motion to Compel. Docket No. 23. The Motion essentially stated that Defendant had served a set of Interrogatories and Request for Production of Documents upon Plaintiff on December 3, 2010. As of the date of the filing of that Motion to Compel, Plaintiff had not responded to the discovery requests. The Motion stated in part, "Webmedx has made repeated attempts to contact Horton's counsel about his responses to its

discovery requests, but he has not responded." Docket No. 23, p. 1. Defendant further stated that it had attempted to contact Plaintiff's counsel about depositions, but Plaintiff's counsel had not responded. Additionally, Defendant stated that it had "made repeated requests for the return of its computer, which is responsive to its document requests." *Id*., p. 2.

The next day, February 3, 2011, the undersigned entered an Order that granted the Motion and that stated as follows:

> Plaintiff shall respond to Defendant's Interrogatories and Request for Production or before February 17, 2011. *If Plaintiff fails to do so, the undersigned will recommend that this action be dismissed*.

Docket No. 25 (emphasis added).

On February 18, 2011, Defendant filed the first of the Motions now under consideration. Docket No. 27. That Motion essentially stated that Plaintiff had failed to comply with the Court's Order to respond to the discovery requests by February 17, 2011. Defendant, therefore, sought a dismissal of this action. Defendant also sought its reasonable attorneys fees, as well as unspecified "sanctions."

Four days later, on February 22, 2011, Plaintiff filed a "Response to Defendant's Motion to Dismiss," the body of which states as follows:

> Plaintiff, Frank Horton, by and through counsel, responds in opposition to Defendant Webmedx's Motion to Dismiss.
>
> Plaintiff has responded to Defendant's discovery requests and has forwarded a copy to Defendant's counsel.

Docket No. 28.

Three days later, on February 25, 2011, Defendant filed a Reply to Plaintiff's Response. Docket No. 30. That Reply states in relevant part:

2

10. Contrary to what [Plaintiff's counsel] told this Court, Webmedx had not received a response by electronic or U.S. Mail as of February 24, 2011.

11. Consequently, counsel for Webmedx, Rebecca J. Dick-Hurwitz, sent [Plaintiff's counsel] an e-mail on February 24, 2011, stating,

> Alan,
>
> You indicated to the Court on February 22, 2011, that you responded to Webmedx's discovery requests via e-mail and U.S. Mail. I have not received anything. Please forward the discovery by e-mail to me today. Also please send me confirmation that you deposited same in the U.S. mail on the 22nd. I presume this includes the computer.
>
> Thank You.
> Rebecca

. . .

12. Ms. Dick-Hurwitz did not receive a reply.

13. It has now been three days since Mr. Alder represented that he had responded to Webmedx's discovery.

Docket No. 30, p. 2.

Approximately one month later, on March 21, 2011, Defendant filed the Second Motion to Dismiss now before the Court. Docket No. 31. That Motion states in relevant part:

> 3. On February 22, 2011, Counsel for Horton represented to this Court that he had responded to Defendant's Discovery Requests and had forwarded a copy to Webmedx by electronic and First Class mail. (Document No. 28).
>
> 4. In fact, Webmedx received the discovery responses on March 1, 2011.
>
> 5. The responses were incomplete.

3

> 6. Therefore, on March 11, 2011, Webmedx sent a letter to counsel for Horton notifying him that the responses were incomplete, and Webmedx had yet to receive the computer, which was responsive to Webmedx's Document Requests. (Ex. B).
>
> 7. On March 14, 2011, counsel for Horton replied,
>
>> I thought [Horton] had send the computer. I will find out what the problem is.
>
> (Ex.C).
>
> To date [March 21, 2011] Horton has neither returned the computer, nor told Webmedx when to expect it.
>
> 9. March 16, 2011 Webmedx asked Horton yet again for a response to its discovery. (Ex. D).
>
> 10. Two days later, counsel for Horton replied that he was "working on the supplemental responses. I hope to have it complete by Tuesday [March 22, 2011]." (*Id*.)

Docket No. 31, p. 1-2.

Webmedx sought a dismissal of the case, or an Order compelling Plaintiff to respond to its discovery requests. Webmedx also sought its reasonable attorneys' fees and additional sanctions "in an amount equal to double the attorneys' fees." Docket No. 31, p. 3.

On April 5, 2011, Plaintiff's counsel filed a Response to the Second Motion to Dismiss, the body of which states as follows:

> Plaintiff, Frank Horton, by and through counsel responds in opposition to Defendant Wedmedx's Motion to Dismiss.
>
> Plaintiff has responded to Defendant's discovery requests and has forwarded a copy to Defendant's counsel. Plaintiff has also sent amended responses to Defendant's Interrogatories.
>
> Plaintiff is not opposed to extending discovery deadlines.

Docket No. 32.

4

On April 11, 2011, Defendant filed a Reply to that Response. Docket No. 33. That Reply states in relevant part as follows:

> 1. On April 5, 2011, Plaintiff Frank Horton ("Horton") responded to Defendant Wedmedx, Inc.'s ("Webmedx") Second Motion to Dismiss, or, Alternatively to Compel and Extend Discovery by stating,
>
>> Plaintiff has responded to Defendant's discovery requests and has forwarded a copy to Defendant's counsel.
>
> (Document 32)
>
> 2. Webmedx never received the responsive documents; therefore, on April 11, 2011, counsel for Webmedx asked for them yet again. (Exhibit 1). No reply was forthcoming.
>
> 3. This is the second time Horton has represented to the Court that he has responded to discovery request [*sic*] when he has not. (Document 28)
>
> Docket No. 33, p. 1.

Thus, Webmedx sought a dismissal of this action, an award of attorneys' fees, and sanctions to be imposed upon Plaintiff in an amount equal to double the attorneys' fees.

The Sixth Circuit considers four factors when deciding whether to dismiss an action pursuant to Fed. R. Civ. P. 37 or 41. *Coleman v. American Red Cross*, 23 F.3d 1091, 1094, n. 1 (6th Cir. 1994). The four factors are: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997).

Given the above facts, the Court concludes that Plaintiff's failure to appropriately respond to the discovery requests and Plaintiff's failure to cooperate in discovery is due to willfulness, bad faith, or fault. Defendant has now had to file three Motions (Docket Nos. 23, 27, 31) related to Plaintiff's failure to appropriately respond to the discovery at issue. The Court granted the first of these Motions, providing a date certain for Plaintiff to respond, and warning him about the possible dismissal of this action if he did not. Five days after the deadline the Court set for Plaintiff to respond to the discovery requests, Plaintiff filed a response stating that he had done so. Three days later, Defendant advised the Court that, despite Plaintiff's counsel's statement, he had not responded.

A similar scenario occurred approximately one month later, when Defendant filed its Second Motion to Dismiss. That Motion discussed the fact that Defendant had received some discovery responses on March 1, 2011, but that those responses were incomplete. Docket No. 31, p. 1-2. Therefore, on March 11, 2011, Defendant sent a letter to Plaintiff's counsel notifying him that the responses were incomplete, and that Plaintiff had not provided the computer that had been sought. The March 11, 2011, letter stated in relevant part as follows:

> Your responses to several of our Discovery Requests are incomplete. Specifically, your client did not provide his starting and ending salary, supervisor's name or the reason he left his position as requested in Interrogatory No. 3. With respect to Interrogatory No. 6, you provided witnesses' names, but none of the other requested information. Finally, with respect to Interrogatory No. 10, you need to provide both the physicians' names and the name of their practice.

Docket No. 31-3.

On March 16, 2011, Defendant asked Plaintiff yet again for a supplemental response to its discovery. Two days later, Plaintiff's counsel responded that he was working on the

supplemental discovery responses, and hoped to have them completed by March 22, 2011. Defendant then filed a Response to the Second Motion to Dismiss on April 5, 2011, stating to the Court that he had responded to the Discovery Requests. On April 11, 2011, Defendant's counsel sent an e-mail advising Plaintiff's counsel that, at least, Plaintiff had still failed to produce the computer.[1] Docket No. 33-1. As of April 11, despite Plaintiff's representation to the Court, Defendant still had not received complete Responses to its Discovery Requests. There is nothing in the record to indicate that this situation has changed since April 11.

Second, Defendant has been prejudiced by Plaintiff's failure to cooperate in discovery. This action is set for trial on October 25, 2011. Docket No. 29. On November 1, 2010, the undersigned entered the Initial Case Management Order setting a discovery cutoff deadline of December 27, 2010, and a dispositive Motion deadline of April 1, 2011. Docket No. 21. Defendant subsequently filed a Motion to extend the discovery period based upon Plaintiff's failure to respond to the discovery at issue and Plaintiff's failure to reply to Defendant's "repeated requests to schedule depositions." Docket No. 24, p.1. The Court granted that Motion, extending the deadlines that had not then passed by thirty (30) days. Docket No. 26.

---

[1] The referenced e-mail is somewhat unclear with regard to exactly what Defendant's counsel had received. It stated:

> You indicated to the Court on April 5, 2011 that you responded to our discovery requests and forwarded a copy to counsel. If you did, I didn't receive them. I received your Interrogatory Responses.
>
> Where is the computer?
>
> Please advise.

Docket No. 33-1.

Obviously, Defendant is entitled to have responses to its discovery requests and to take depositions in order to prepare for trial and/or to file a Motion for Summary Judgment.

Third, Plaintiff was warned on February 3, 2011, that if he failed to respond to Defendant's Interrogatories and Request for Production on or before February 17, 2011, "the undersigned will recommend that this action be dismissed." Docket No. 25.

Fourth, less drastic sanctions were imposed before dismissal was ordered. Specifically, the Court granted Defendant's initial Motion to Compel (Docket No. 23) by ordering Plaintiff to respond to the discovery requests by a date certain.

The Court further notes that Plaintiff's counsel has never attempted to explain his failure to provide discovery responses and to follow the Order of this Court, beyond stating, in an e-mail dated March 14, 2011, to Defendant's counsel: "I thought [Horton] had sent the computer. I will find out what the problem is." Additionally, Plaintiff's counsel has never attempted to explain why he filed two documents (Docket Nos. 28, 32) representing to the Court that he had responded to Defendant's Discovery Requests when he apparently had not done so.

For the foregoing reasons, the undersigned recommends that the instant Motions to Dismiss (Docket Nos. 27, 31) be GRANTED and that this action be DISMISSED WITH PREJUDICE. The undersigned further recommends that Defendant be awarded its reasonable expenses, including attorneys' fees, incurred in connection with the instant Motions, and that, if this Report and Recommendation is accepted, Defendant's counsel be given a period of twenty (20) days in which to file an appropriate Affidavit establishing the amount of those fees and expenses. The undersigned further recommends, however, that Defendant's requests for sanctions of double the attorneys' fees be DENIED, because Defendant has provided no

authority for the proposition that such sanctions are appropriate, particularly in view of the recommended dismissal of this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge