**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FRANK HORTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:10-0799** |
| | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **WEBMEX, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant's "Application for Attorneys' Fees," (Docket No. 39), which Judge Campbell has referred to the undersigned (Docket No. 37).

Judge Campbell previously entered an Order granting two Motions to Dismiss filed by Defendant (Docket Nos. 27, 31), for Plaintiff's failure to appropriately respond to discovery requests. Docket No. 37. In that Order, Judge Campbell stated in part, "Defendant shall be awarded reasonable expenses, including attorneys' fees, incurred in connection with these two Motions." Docket No. 37, p. 2. Judge Campbell ordered counsel for Defendant to submit a Motion for Attorneys' Fees and Expenses, with supporting documentation, setting forth the reasonable amount of Defendant's fees and expenses. *Id*. Defendant's counsel subsequently filed the instant Application, with supporting documentation.

After the filing of the instant Application, Plaintiff's counsel filed a "Motion for Reconsideration of Judge Campbell's Order Dismissing the Case." Docket No. 40. The Court notes, however, that Plaintiff's Motion for Reconsideration did not specifically seek

reconsideration of that part of Judge Campbell's Order which awarded fees and expenses to Defendant. Judge Campbell subsequently denied the Motion for Reconsideration (Docket No. 41), and Plaintiff filed a Notice of Appeal (Docket No. 42). Plaintiff's appeal is currently pending before the Sixth Circuit.

Plaintiff has not filed a Response to the Application. Pursuant to Local Rule 7.01(b), Plaintiff's failure to file a Response indicates that there is no opposition to the Motion.

In the instant Application, Defendant seeks total attorneys' fees for its Philadelphia counsel and its local counsel in the amount of $3,677.50, and expenses in the amount of $17.34. Docket No. 39, p. 1. Defendant's Philadelphia counsel has submitted an Affidavit establishing fees in connection with the preparation of the Motion to Compel and the Motions to Dismiss totaling $2,288.84.[1] Most of counsel's time is billed at $295 per hour. A second attorney has billed less than 1 hour at the rate of $375 per hour.

Defendant's local counsel has submitted an Affidavit and accompanying billing detail documentation establishing fees in connection with the preparation of the Motion to Compel and the Motions to Dismiss totaling $1,406.00. Local counsel billed a total of 4.9 hours, at rates ranging from between $160 per hour to $295 per hour. It appears that the persons who billed at the rate of $160 per hour are paralegals, who have billed a total of .6 hours ($96.00).[2] While

---

[1] The billing detail documentation accompanying the Affidavit actually appears to show attorneys' fees incurred of $2,726.56 and expenses of $29.94. The Affidavit, however, which cites generally to the billing documentation, states that the total legal fees requested by Philadelphia counsel is $2,288.84. Additionally, the Motion itself seeks expenses of $17.34. The Court will use the lower figures.

[2] The Court assumes that the referenced persons are paralegals, and not attorneys, because the website of the firm of local counsel does not list these two persons as attorneys. *See* www.bassberry.com, accessed January 9, 2012.

local counsel seeks the paralegals' billings as attorneys' fees, those costs are more properly characterized as expenses, and the Court will treat them as such.

The Court has reviewed the billing records, and concludes that the time entries and the billing amounts requested for attorneys' fees are reasonable.

Defendant also seeks expenses in the amount of $17.34 and in the amount of $96.00 in paralegal expenses. The expense of $17.34 is listed on a billing sheet from Philadelphia counsel. The entry is dated 12/20/10 and is described as "Air Courier charges incurred re Federal Express delivery to A. Alder, Esquire on December 6, 2010." Even though this expense item is not specifically referenced in either Affidavit, it seems clear that this charge was incurred by Philadelphia counsel regarding the instant case, and it appears to the Court to be reasonable.

With regard to the paralegal expenses in the amount of $96.00, there is no separate discussion of these expenses in either of the Affidavits or in the Motion itself. Presumably, this is because Defendant considered those expenses to be fees. While the Court is familiar with reasonable amounts billed by lawyers, the Court is not familiar with reasonable amounts billed by paralegals. The Court, therefore, has no basis upon which to conclude that the amounts billed by the paralegals are reasonable. Therefore, the undersigned recommends that the paralegal fees of $96.00 not be awarded.

For the foregoing reasons, the undersigned recommends that the instant Application for Attorneys' Fees (Docket No. 39) be GRANTED IN PART, and that Defendant be awarded total attorneys' fees in the amount of $3,598.84, representing attorneys' fees of $2,288.84 for Philadelphia counsel, plus $1,406.00 representing attorneys' fees for local counsel, minus $96.00 in paralegal expenses. The undersigned further recommends that Defendants be awarded

expenses in the amount of $17.34.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge